**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

IN RE:

EUGENE HEAD,　　　　　　　　　　　　　　　Case No. 09-51691-WSD
　　　　　　　　　　　　　　　　　　　　　　　Honorable WALTER SHAPERO
　　　　Debtor.　　　　　　　　　　　　　　　Chapter 13

13406 Longview
Detroit, MI 48213
XXX-XX-4803
_____/

## WAYNE COUNTY TREASURER'S OBJECTIONS TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

NOW COMES Creditor, Wayne County Treasurer, by and through its attorneys, KILPATRICK & ASSOCIATES, P.C., and hereby objects to the proposed Chapter 13 Plan, and states as follows:

1. That Creditor, Wayne County Treasurer's Office, is the tax collecting governmental unit for Wayne County. As such, it is the Treasurer's duty to collect property taxes for the county and various cities within the county, which accrue on both real and personal property.

2. The Debtor is indebted to the Wayne County Treasurer in the amount of Four Thousand One Hundred Ninety Six and 71/100 Dollars ($4,196.71) as a result of the Debtor's failure to pay real estate property taxes for the years of 2007 and 2008 on the premises located at 14964 Chelsea, Detroit, Michigan.

3. The proposed Plan understates the amount of indebtedness owed to the Wayne County Treasurer, and therefore, does not grant this holder of a fully secured claim the treatment required under 11 U.S.C. §506(b), 11 U.S.C. §1322 and 11 U.S.C. §1325.

4. The Debtor is indebted to the Wayne County Treasurer in the amount of Fifteen Thousand Four Hundred Eleven and 35/100 Dollars ($15,411.35) as a result of the Debtor's failure to pay real estate property taxes for the years of 2006, 2007 and 2008 on the premises located at 19121 McCormick, Detroit, Michigan.

5. The proposed Plan does not provide for treatment of the secured claims held by the Wayne County Treasurer in contravention of 11 U.S.C. §1322.

6. The proposed Plan fails to provide for interest on the Treasurer's secured claims, or retention of the Treasurer's liens in contravention of 11 U.S.C. § 506(b), 11 U.S.C. § 1325(a)(5), 11 U.S.C. § 511, and M.C.L. 211.59.

7. The proposed Plan fails to provide for statutory interest on the Treasurer's secured claim. The Treasurer is entitled to a statutory rate of interest which accrues at the rate of one percent (1%) per month pursuant

to M.C.L. 211.59, 11 U.S.C. §506(b), 11 U.S.C. § 511, 11 U.S.C. § 1325(a) one and one half percent (1½ %) per month for the redemption of the property and taxes which have been forfeited pursuant to M.C.L. 211.70 et. seq.

8. Prior to the filing of the Debtor's petition, the Debtor's property located at 19121 McCormick, Detroit, Michigan, was forfeited to the Treasurer for non-payment of the 2006 and 2007 taxes in the amount of Eleven Thousand Twenty One and 95/100 Dollars ($11,021.95) and Notice of Forfeiture was recorded in the public record pursuant to state statute, and therefore the Debtor simply retained an equity of redemption which requires payment in full of those taxes for which the Debtor's property was forfeited pursuant to M.C.L. 211.78g, 211.70, and 11 U.S.C. §1322(c).

9. The Debtor is indebted to the Wayne County Treasurer in the amount of Five Hundred Eighty Five and 17/100 Dollars ($585.17) as a result of the Debtor's failure to pay real estate property taxes for the year of 2008 on the premises located at 13406 Longview, Detroit, Michigan, which is the Debtor's principal residence.

10. The proposed Plan does not provide for treatment of the secured claims held by the Wayne County Treasurer in contravention of 11 U.S.C. §1322.

11. The proposed Plan fails to provide for interest on the Treasurer's secured claims, or retention of the Treasurer's liens in contravention of 11 U.S.C. § 506(b), 11 U.S.C. § 1325(a)(5), 11 U.S.C. § 511, and M.C.L. 211.59.

12. The proposed Plan fails to provide for statutory interest on the Treasurer's secured claim. The Treasurer is entitled to a statutory rate of interest which accrues at the rate of one percent (1%) per month pursuant to M.C.L. 211.59, 11 U.S.C. §506(b), 11 U.S.C. § 511, 11 U.S.C. § 1325(a) one and one half percent (1½ %) per month for the redemption of the property and taxes which have been forfeited pursuant to M.C.L. 211.70 et. seq.

13. The Debtor is indebted to the Wayne County Treasurer in the amount of Five Thousand Seven Hundred Seven and 06/100 Dollars ($5,707.06) as a result of the Debtor's failure to pay real estate property taxes for the years of 2006, 2007 and 2008 on the premises located at 14449 Wilshire, Detroit, Michigan.

14. The proposed Plan does not provide for treatment of the secured claims held by the Wayne County Treasurer in contravention of 11 U.S.C. §1322.

15. The proposed Plan fails to provide for interest on the Treasurer's secured claims, or retention of the Treasurer's liens in contravention of 11 U.S.C. § 506(b), 11 U.S.C. § 1325(a)(5), 11 U.S.C. § 511, and M.C.L. 211.59.

16. The proposed Plan fails to provide for statutory interest on the Treasurer's secured claim. The Treasurer is entitled to a statutory rate of interest which accrues at the rate of one percent (1%) per month pursuant to M.C.L. 211.59, 11 U.S.C. §506(b), 11 U.S.C. § 511, 11 U.S.C. § 1325(a) one and one half percent (1½ %) per month for the redemption of the property and taxes which have been forfeited pursuant to M.C.L. 211.70 et. seq.

17. Prior to the filing of the Debtor's petition, the Debtor's property located at 14449 Wilshire, Detroit, Michigan, was forfeited to the Treasurer for non-payment of the 2006 and 2007 taxes in the amount of Three Thousand Nine Hundred Ninety Four and 08/100 Dollars ($3,994.08) and Notice of Forfeiture was recorded in the public record pursuant to state statute, and therefore the Debtor simply retained an equity of redemption which requires payment in full of those taxes for which the Debtor's property was forfeited pursuant to M.C.L. 211.78g, 211.70, and 11 U.S.C. §1322(c).

18. The Debtor is indebted to the Wayne County Treasurer in the amount of Ten Thousand Eight Hundred One and 25/100 Dollars ($10,801.25) as a result of the Debtor's failure to pay real estate property taxes for the years of 2006, 2007 and 2008 on the premises located at 13289 Dwyer, Detroit, Michigan.

19. The proposed Plan fails to provide for statutory interest on the Treasurer's secured claim. The Treasurer is entitled to a statutory rate of interest which accrues at the rate of one percent (1%) per month pursuant to M.C.L. 211.59, 11 U.S.C. §506(b), 11 U.S.C. § 511, 11 U.S.C. § 1325(a) one and one half percent (1½ %) per month for the redemption of the property and taxes which have been forfeited pursuant to M.C.L. 211.70 et. seq.

20. Prior to the filing of the Debtor's petition, the Debtor's property located at 13289 Dwyer, Detroit, Michigan, was forfeited to the Treasurer for non-payment of the 2006 taxes in the amount of Three Thousand Nine Hundred Eighty Three and 50/100 Dollars ($3,983.50) and Notice of Forfeiture was recorded in the public record pursuant to state statute, and therefore the Debtor simply retained an equity of redemption which requires payment in full of those taxes for which the Debtor's property was forfeited pursuant to M.C.L. 211.78g, 211.70, and 11 U.S.C. §1322(c).

21. The Debtor is indebted to the Wayne County Treasurer in the amount of Seven Thousand Three Hundred Thirty Six and 71/100 Dollars ($7,336.71) as a result of the Debtor's failure to pay real estate property taxes for the years of 2006, 2007 and 2008 on the premises located at 5655 Greenway, Detroit, Michigan.

22. The proposed Plan fails to provide for statutory interest on the Treasurer's secured claim. The Treasurer is entitled to a statutory rate of interest which accrues at the rate of one percent (1%) per month pursuant

to M.C.L. 211.59, 11 U.S.C. §506(b), 11 U.S.C. § 511, 11 U.S.C. § 1325(a) one and one half percent (1½ %) per month for the redemption of the property and taxes which have been forfeited pursuant to M.C.L. 211.70 et. seq.

23. The proposed Plan understates the amount of indebtedness owed to the Wayne County Treasurer, and therefore, does not grant this holder of a fully secured claim the treatment required under 11 U.S.C. §506(b), 11 U.S.C. §1322 and 11 U.S.C. §1325.

24. Prior to the filing of the Debtor's petition, the Debtor's property located at 5655 Greenway, Detroit, Michigan, was forfeited to the Treasurer for non-payment of the 2006 taxes in the amount of Two Thousand Eight Hundred Fifty One and 25/100 Dollars ($2,851.25) and Notice of Forfeiture was recorded in the public record pursuant to state statute, and therefore the Debtor simply retained an equity of redemption which requires payment in full of those taxes for which the Debtor's property was forfeited pursuant to M.C.L. 211.78g, 211.70, and 11 U.S.C. §1322(c).

25. The Debtor is indebted to the Wayne County Treasurer in the amount of Seven Thousand One Hundred Fifty Seven and 17/100 Dollars ($7,157.17) as a result of the Debtor's failure to pay real estate property taxes for the years of 2005, 2006, 2007 and 2008 on the premises located at 19920 Schaefer, Detroit, Michigan.

26. The proposed Plan fails to provide for statutory interest on the Treasurer's secured claim. The Treasurer is entitled to a statutory rate of interest which accrues at the rate of one percent (1%) per month pursuant to M.C.L. 211.59, 11 U.S.C. §506(b), 11 U.S.C. § 511, 11 U.S.C. § 1325(a) one and one half percent (1½ %) per month for the redemption of the property and taxes which have been forfeited pursuant to M.C.L. 211.70 et. seq.

27. The proposed Plan understates the amount of indebtedness owed to the Wayne County Treasurer, and therefore, does not grant this holder of a fully secured claim the treatment required under 11 U.S.C. §506(b), 11 U.S.C. §1322 and 11 U.S.C. §1325.

28. Prior to the filing of the Debtor's petition, the Debtor's property located at 19920 Schaefer, Detroit, Michigan, was forfeited to the Treasurer for non-payment of the 2005, 2006 and 2007 taxes in the amount of Five Thousand Six Hundred Eighty Six and 11/100 Dollars ($5,686.11) and Notice of Forfeiture was recorded in the public record pursuant to state statute, and therefore the Debtor simply retained an equity of redemption which requires payment in full of those taxes for which the Debtor's property was forfeited pursuant to M.C.L. 211.78g, 211.70, and 11 U.S.C. §1322(c).

29. To render the Plan confirmable, the Debtor is required to provide for full repayment of the Treasurer's secured claims with statutory interest and retention of the Treasurer's lien pursuant to 11 U.S.C. §506(b), 11 U.S.C. § 1322, 11 U.S.C. § 1325(a) (5), 11 U.S.C. § 511, and M.C.L. 211.59.

30. The inclusion of the correct treatment for the secured claims held by the Treasurer may impact feasibility. Feasibility is required under 11 U.S.C. §1325(a)(6).

WHEREFORE, Creditor prays this Honorable Court deny confirmation of the proposed Chapter 13 Plan, and alternatively, dismiss this matter or convert this matter to a Chapter 7 proceeding.

Respectfully submitted,

KILPATRICK & ASSOCIATES, P.C.
Attorneys for the Wayne County Treasurer


By: /S/ Craig B. Rule
RICHARDO I. KILPATRICK (P35275)
CRAIG B. RULE (P67005)
615 Griswold, Suite 1004
Detroit, MI 48226
(313) 963-2581
ecf@kaalaw.com

Dated: May 21, 2009